# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **JAY PLOURD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-CV-00160-CL |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **CAROLYN L. COLVIN,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Philip Studenberg, 230 Main Street, Klamath Falls, OR 97601. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Courtney Garcia, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge.**

Plaintiff Jay Plourd ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be AFFIRMED.

## BACKGROUND

Born in 1968, plaintiff was 39 years old on the alleged disability onset date of September 21, 2007. Tr. 110. Plaintiff was incarcerated for 20 years, and has most recently worked as a gas station attendant and general laborer. Tr. 115. Plaintiff speaks English, has a G.E.D., and attended Klamath Community College. Tr. 113, 119.

Plaintiff filed an application for SSI on November 20, 2009, alleging disability due to substance dependence, antisocial personality disorder, nervousness, anxiety, and paranoia due to psychosocial stressors. Tr. 16, 114. The Commissioner denied plaintiff's application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 64-66. After an administrative hearing the ALJ issued a decision finding plaintiff not to be disabled. Tr. 14-21. Plaintiff's subsequent request for review was denied by the Appeals Council, making the ALJ's decision the final Agency decision. Tr. 1-4; 20 C.F.R. §§ 416.1481, 422.210 (2012). This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920; *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or

physical duties done or intended to be done for pay or profit. 20 C.F.R. §
416.910. If the claimant is performing such work, she is not disabled
within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the
claimant is not performing substantial gainful activity, the analysis
proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's
regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in
death, an impairment is "severe" if it significantly limits the claimant's
physical or mental ability to do basic work activities. 20 C.F.R. §
416.921(a). This impairment must have lasted or must be expected to last
for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the
claimant does not have a severe impairment, the analysis ends. 20 C.F.R.
§ 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the
impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the
impairment does not meet or equal one or more of the listed impairments,
the analysis proceeds beyond step three. At that point, the ALJ must
evaluate medical and other relevant evidence to assess and determine the
claimant's "residual functional capacity" ("RFC"). This is an assessment
of work-related activities that the claimant may still perform on a regular
and continuing basis, despite any limitations imposed by his or her
impairments. 20 C.F.R. §§ 416.920(e), 416.945(b)-(c). After the ALJ
determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC
assessment? If so, then the claimant is not disabled. 20 C.F.R. §
416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant
work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience,
is the claimant able to make an adjustment to other work that exists in
significant numbers in the national economy? If so, then the claimant is
not disabled. §§ 416.920(a)(4)(v), 416.960(c). If the claimant cannot
perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*
*Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The
Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the
Commissioner must show that the claimant can perform other work that exists in significant
numbers in the national economy, "taking into consideration the claimant's residual functional
capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 416.966 (describing
"work which exists in the national economy"). If the Commissioner fails to meet this burden, the
claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that
the claimant is able to perform other work existing in significant numbers in the national
economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at
1099.

### THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not
engaged in substantial gainful activity after the alleged onset date. Tr. 16. At step two, the ALJ
found that plaintiff's antisocial personality disorder and history of drug dependence were severe
impairments. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or
combination of impairments that met or medically equaled a listed impairment. Tr. 17.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that
plaintiff could perform the full range of work at all exertion levels with the limitation that he
cannot have public contact; he can only have brief, superficial contact with coworkers; and he
cannot perform teamwork assignments. Tr. 18. At step four, the ALJ found plaintiff was
capable of performing his past relevant work as a production assembler. Tr. 21. Accordingly,
the ALJ concluded that plaintiff is not disabled. Tr. 21.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219,

1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However,

a reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation

marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground

upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d

at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## ANALYSIS

Plaintiff challenges the ALJ's decision, claiming that she erred by: (1) failing to find that

plaintiff met the paragraph B Criteria for Listing 12.08, and (2) failing to order a release of

plaintiff's records.

**Listing 12.08**

Plaintiff argues that the ALJ erred in failing to find that he met the paragraph B criteria

for Listing 12.08 ("Personality Disorders"). The ALJ must determine whether the claimant's

impairments equal a listing. 20 C.F.R. § 416.926. The required level of severity is met for

Listing 12.08 when the requirements in paragraphs A and B are satisfied. To satisfy the

paragraph B criteria, the claimant's mental impairments must result in at least two of the

following: marked restriction of activities of daily living; marked difficulties in maintaining

social functioning; marked difficulties in maintaining concentration, persistence, or pace; or

repeated episodes of decompensation, each of extended duration. Tr. 17. Because the ALJ

found that plaintiff had only mild difficulties with regard to concentration, persistence and pace,

mild restriction in activities of daily living, and no episodes of decompensation of extended

duration, she concluded that plaintiff does not meet the paragraph B criteria. Tr. 17.

Plaintiff contends that the ALJ failed to correctly interpret the findings of examining

psychologist Gregory Cole, Ph.D., which allegedly show that plaintiff meets the paragraph B

criteria for Listing 12.08. Dr. Cole conducted a psychodiagnostic evaluation of plaintiff in

December, 2009, and concluded that plaintiff's primary obstacle to employment would be his

"problems interacting with others" and his potential to engage in illegal behaviors or substance

abuse. Tr. 172, 177. The ALJ credited Dr. Cole's opinion, and made a finding that plaintiff had

moderate to marked difficulties in social functioning. Tr. 17, 20.

Plaintiff asserts that Dr. Cole's assessment "places [p]laintiff within the listing of 12.08,"

but provides neither facts nor further legal argument to support his position. Pl.'s Br., pp. 1.

While the ALJ is responsible for determining whether a claimant meets a listed impairment, a

claimant on appeal must do more than draw a court's attention to an ALJ's omission. *See Lewis*

*v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). Insofar as plaintiff presents an alternative

interpretation of the evidence, that interpretation is insignificant because the Commissioner

provided a rational reading of the medical record. *See Burch*, 400 F.3d at 679 (this court may

not substitute its judgment for that of the Commissioner when the ALJ's decision is based on a

rational interpretation of the evidence). In sum, plaintiff fails to present a plausible theory as to

how his combined disorders meet or equal Listing 12.08, and the ALJ's decision should be

upheld. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (the ALJ's reasonable

decision must be upheld even if the evidence "is susceptible to more than one rational

interpretation"); *see also Sample*, 694 F.2d at 642.

**Release of Records**

Plaintiff also argues that the ALJ failed to order a release of records from BestCare Drug

and Alcohol Treatment Center to plaintiff's counsel. Pl.'s Br., 1-2. The court also rejects this

argument. After the hearing held on September 9, 2011, the ALJ provided plaintiff's counsel

with two weeks to obtain any pertinent medical records. Tr. 20, 32. On September 16, 2001, the

ALJ also sent a subpoena duces tecum to BestCare Drug and Alcohol Treatment Center,

plaintiff's alleged treatment provider. Tr. 20, 164-66. On this record, the court cannot agree

with plaintiff that the ALJ "abuse[d] her discretion in failing to order release of records." Pl.'s

Br., 1. The ALJ's decision should therefore be affirmed.

## RECOMMENDATION

The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence

and should be AFFIRMED.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of December, 2013.

_____
Mark D. Clarke

United States Magistrate Judge